[Sac. No. 5397. In Bank.—November 6, 1940.]

ROBERT E. STEPHENS, Respondent, v. FRANK W. CLARK (Substituted for RAY INGELS), as Director of Motor Vehicles, etc., et al., Appellants.

Earl Warren, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Appellants.

Ralph H. Lewis, Frederic R. Pierce and Downey, Brand & Seymour for Respondent.

EDMONDS, J.—Prior to the adoption of article XXIV of the Constitution, which became effective December 20, 1934, the petitioner was a state employee not under civil service. He brought this proceeding to recover the difference between the salary received by him before that date and the lower amount later specified for his position in the classified civil service. The case is here upon an appeal from a judgment requiring the defendant state officers to fix the petitioner's salary at the higher amount and to pay him the sum which would be due him on that basis.

In 1934, the petitioner was an investigator in the department of motor vehicles, receiving a salary of $275 per month. The constitutional amendment which was adopted by the voters in that year declares that the state civil service shall include every employee of the state, with certain exceptions not applicable to the petitioner. It also provides: "All persons not hereinbefore provided for in subdivision (d) hereof, holding positions subject hereto for more than six months immediately preceding the effective date hereof, shall continue to hold such positions subject to the provisions hereof save that the (state personnel) board in adopting rules relative to classes or grades of the position held by such person shall give each such person such class or grade as it may deem just and such probationary term to commence on the effective date hereof of not less than two months nor more than eight months in the class or grade assigned as it may fix." (Sec. 5 [e].) Petitioner's rights are governed by the provisions of this section.

Acting pursuant to these provisions, in September, 1935, the board gave his position the classification of "supervisor of non-resident registration", with substantially the same duties as the petitioner was then performing. On November 7, 1935, it established a salary range for this position at a minimum and maximum of $205 and $250 per month respectively. Since that date the petitioner has been paid at the maximum rate.

The appellant officers assert that the resolution of the board fixing the salary range for the petitioner's position automatically reduced his salary to the maximum allowed therefor, and also that any claim for back salary is barred by the statute of limitations. In support of the judgment of the trial court in his favor, the petitioner contends that as he

had served the probationary period, under the terms of the constitutional amendment he became a permanent civil service employee with a salary rating of $275 per month which was not lowered by the resolution of the board when it classified his position. He argues that as no order was made directly concerning his salary, it could not be reduced by a general salary classification.

The quoted section of the constitutional amendment provides that the positions blanketed into the state civil service shall be classified and graded by the state personnel board, and that all persons holding such positions for more than six months immediately preceding the effective date of the act shall continue to hold such positions, subject to the provisions of the act and the classification and grading given by the board. Although the new legislation does not expressly provide how such classification and grading is to be accomplished, it includes the following: ''All laws relating to the State civil service are continued in force in so far as not in conflict herewith subject to the power of the Legislature to amend or repeal such laws and to enact new laws not in conflict herewith.'' (Sec. 5 [b].)

The State Civil Service Act (Stats. 1913, p. 1035, as amended by Stats. 1927, p. 1313) provides that the commission (now the personnel board) shall classify positions to be held under state authority in accordance with the duties attached to such positions. The following requirements are made in this connection: ''The commission shall grade all positions within each class with respect to salaries, to the end that like salaries shall be paid for like duties, and shall establish minimum and maximum salary limits for each grade in its classification of positions, and shall provide by rule for advancement of salary within each grade on the basis of efficiency and length of service. Such classes and grades may from time to time be amended, added to, consolidated, or abolished by the commission, but persons holding positions under the original classification or grade shall not be affected thereby . . . '' (Sec. 5.) This is not in conflict with the constitutional amendment and it states the manner in which the classification and grading of positions in the state civil service are to be accomplished. Obviously the rules to be adopted by the personnel board ''relative to classes or grades'' of positions held by noncivil service employees prior to the adoption of the constitutional amendment were to be

promulgated in accordance with the State Civil Service Act, *supra,* and contemplated the establishment of a salary range for each position. ▊ It was on November 4, 1937, when the salary range for the position was fixed, that the classification and grading of the position was completed, and the earlier designation of the title of the position which the petitioner held did not operate to set his salary at the amount he was then receiving.

▊ The passage of the constitutional amendment brought several thousand employees into the civil service system, but with no requirement that the classification and grading of their positions be accomplished within the eight months probationary period. Unquestionably, it was no small task to examine into the duties and consider the responsibilities of the persons occupying these positions. There is no evidence whatever that this delay was motivated by any consideration other than a desire to fairly consider the subject before the commission or that it prejudiced the petitioner's rights in any way. Indeed, it appears that petitioner substantially benefited because of the fact that the salary of his position was not established at an earlier date.

The classification of the position by fixing a salary range was the original determination of the personnel board, and petitioner has no right to a salary in excess of the maximum therein provided. This does not result in a reduction of salary under the Civil Service Act, *supra;* it merely means that the board set up a standard, where none existed before, which must be followed. (See *Raymond* v. *Christian,* 24 Cal. App. (2d) 92 [74 Pac. (2d) 536].)

The judgment is reversed with directions to the trial court to vacate the alternative writ of mandate and dismiss the action.

Carter, J., Curtis, J., Moore, J., *pro tem.,* and York, J., *pro tem.,* concurred.