[Civ. No. 7900.    Third Dist.    Aug. 17, 1951.]

LLOYD H. PATTEN, Appellant, v. CALIFORNIA STATE PERSONNEL BOARD et al., Respondents.

Fabian D. Brown for Appellant.

Edmund G. Brown, Attorney General, and Wilmer W. Morse, Deputy Attorney General, for Respondents.

SCHOTTKY, J. pro tem.—This is an appeal from a judgment denying a peremptory writ of mandamus to compel the California State Personnel Board and California Employment Stabilization Commission to employ petitioner in the Department of Employment as a permanent civil service employee in the class of Unemployment Insurance Examiner, Grade 3.

The sole question involved in this appeal is whether the petitioner in July of 1945 received a civil service appointment on a "regular" or "permanent" basis, as he contends, or on a "duration" basis, as contended by respondents.

The facts are not substantially in dispute and will be set

forth in the course of this opinion. The facts upon which petitioner and appellant relies are stated by him as follows:

"On July 5, 1945, Mr. Cameron, the representative of the respondent California Employment Stabilization Commission called at the place of business of the appellant and stated that the position was *permanent* and requested appellant to accept it (Transcript p. 36, lines 19 and 20). Appellant accepted the position on a permanent basis. Thereafter there was presented to appellant a form of oath of office for his execution, which oath described the office as 'Unemployment Insurance Examiner, Grade 3', with nothing to indicate that it was not on a permanent basis, and which was altered somewhere by the California Employment Stabilization Commission, the appointing power, without the knowledge or consent of the petitioner (Transcript p. 38, line 14 to p. 39, lines 1 to 13), and appellant accepted said position upon that basis, went to work and continued to work without any knowledge of the alteration of the documents or the limitation upon his employment. Appellant received his performance report about December 5, 1945 (Transcript p. 39, lines 21 to 26), after which, shown the limitation for the first time, he protested the situation and thereupon discussed the matter with Mr. Cameron, the department's representative, who made the original offer, and was advised to file a written protest with the appointing power, which was done accordingly (Transcript p. 40, line 9 to p. 41, lines 1 to 6)."

The record also shows that on July 3, 1945, the respondent California Employment Stabilization Commission requested the respondent State Personnel Board to certify eligibles to it for appointment to the position of Unemployment Insurance Examiner, Grade 3; that the request was that the certification be made on a "duration" basis, that is to say, to fill a position for the duration of the war or the existence of any emergency in preparing for the national defense found and proclaimed by the governor under the provisions of section 152.6 of the State Civil Service Act (Stats. 1943, ch. 736) ; that on July 16, 1945, the State Personnel Board certified petitioner's name from the appropriate list for appointment to this position on a *duration* basis; that on that date petitioner was fourth highest on the list among those who had indicated willingness to accept a regular permanent appointment, but was third highest for a duration appointment; that petitioner was No. 3 for a duration appointment because one Rutledge, who was second highest on the list, had already accepted a

duration appointment; that Rutledge was still eligible for certification to a regular permanent position, however, because rule 307 of the State Personnel Board provided that "The acceptance or declination of a duration appointment from a regular employment list shall not affect the rights of an eligible to certification for a regular permanent appointment."

At the time petitioner's name was certified on the duration basis and at the time he was appointed he was not working for the state but was employed by the Ford Motor Company in a key war job at a plant in Richmond. He had, prior to taking the war job, worked in the Department of Employment in a similar position for five years.

It is apparent from the record that both Mr. Cameron, the representative of the California Employment Stabilization Commission, and petitioner, in the negotiations for the filling of the position, were acting under an honest mistake of fact with respect to the nature of the certification, both supposing that the position was to be filled on a permanent as distinguished from a duration basis. The request for certification was prepared in the personnel section of the Department of Employment, and it appears that in the right half of the column headed "Estimated Duration of Employment" is the word "perm" in typewriting, and beneath it the word "Dur." in handwriting. The record shows that after petitioner had signed the oath of office attached to the request for certification, and before the request was transmitted to the State Personnel Board, the employee who supervised the appointment of individuals in the Department of Employment observed that the word "Dur." had been omitted from the regular form and added it in order that the appointment form should conform to the certification. It also appears that the State Personnel Board was unaware of the change and also that petitioner was not informed of it.

Petitioner argues that under the undisputed facts he is entitled to the appointment on a permanent basis because, as he contends, the facts that he was on a valid list at the time of his appointment and the power to appoint on a permanent, temporary or durational basis existed, and he was deceived and led astray to his financial and other losses, make applicable the doctrine of estoppel which applies to the state and its political subdivisions with the same force and vigor as it does to individuals.

In ruling against this contention of petitioner the learned

trial judge in his memorandum opinion said, in part: "Petitioner cites a number of cases which no doubt state the correct rule, but in each of these cases the agency by whose conduct estoppel was established was the agency that had the authority to act; hence, to hold that there was no estoppel would amount to bad faith, if not actual fraud. In the instant case, the facts are entirely different. In the first place Cameron, an employee of the said Department of Employment, was not authorized to make representations, so far as appears from the record, either for or on behalf of the Department of Employment, or the State Personnel Board. Also it appears from the record that L. B. Steedman, Personnel Officer of the Department of Employment, had no authority to make representations with regard to promising a position to petitioner. As a matter of fact, as already pointed out (defendant's Exhibit D), the request from that said Department to the State Personnel Department was for a duration appointment only. Hence, it will be seen that not only the appointing power, but also the State Personnel Board had limited any appointment to be made (and none could be made until the State Personnel Board had forwarded the three highest available names from the proper eligible list for selection to fill the position by the one designated by the appointing power) to such position for the duration. Turning to respondent's Exhibit 'C' it will be seen that this is a Certificate of Eligibles sent to the appointing authority, issued by the State Personnel Board. It bears the name H. F. Freeman, with the initial (P) and under the caption 'Period of Appointment' is the word in capital letters 'Duration.'

. . . . . . . . . . . .

"Section 19057 of the Government Code, provides for the certification of the three persons standing highest on the employment list for the class in which the position belongs and who have indicated their willingness to accept employment under the conditions of employment specified. The Certificate of Eligibles states: 'It is your responsibility to communicate with eligibles in the order listed. After making the number of appointments authorized, enter on this form the names of those appointed and other information requested.' Also the following notation: 'This supplemental is issued in lieu of Florence Somers, who was appointed elsewhere, and in accordance with your request to increase this certification.' There is no evidence contradicting the testimony of said witness last above referred to. A number of rules of the State Per-

sonnel Board were adopted pursuant to the Act of 1943. These rules cover various phases of a duration appointment. Among the rules is one which states: (i) ' ''Permanent duration appointment'' means a duration appointment form a duration or regular appointment list to a position which it is believed will last longer than the probationary period.' This was the position to which petitioner was appointed. Respondent quotes rule 75, which was amended to provide power in making written requests for certification should state 'whether he desires to make a regular or duration appointment.' Whether this rule was in force at the time the Department of Employment made the request does not appear, but it is a fact, as already pointed out above, that such was the request from said Department.

''The first point made by respondent against the claim of estoppel is to the effect that if estoppel be allowed it will result in a man who was number four on the list of eligibles being appointed to a permanent position at the expense of the three men higher on the list who were willing to accept appointment. The point is well taken. In the case of *County of San Diego* v. *California Water, etc. Co.*, 30 Cal.2d 817 [186 P.2d 124, 175 A.L.R. 747], it is held that neither the doctrine of estoppel nor any other equitable principle may be invoked against the Governmental body where it would operate to defeat the effective operation of a policy adopted to protect the public.

''Irrespective of the above principle, in the instant case there are no facts set forth which can be successfully urged against the State Personnel Board, or any of its members. The Board was free from any act done by it which could in any way be said to have offered an inducement to the petitioner to accept any other appointment than one for duration. This was the only position for which the request by the Department of Employment was made, and it was the only position which the State Personnel Board provided to be filled, and which, when filled, was to be held under the provisions of the amendment of 1943 and the rules of the State Personnel Board applicable thereto.

''Section [Vol.] 31 C.J.S. p. 423, Section 142, states: 'Where a matter is committed to one officer by statute other officers may not by their conduct estop the municipality in respect to such matter.' ''

We agree with this analysis of the facts and of the legal and equitable principles involved. It is, of course, unfor-

tunate that Cameron and petitioner mistakenly believed that the appointment was to be made on a permanent basis, but it is clear from the record that Cameron was not authorized to make such representations either on behalf of the Department of Employment or the State Personnel Board. It is also true that petitioner had spent a number of years as a civil service employee and was generally familiar with civil service rules and regulations, and he could easily have ascertained the facts relative to the proposed appointment by inquiry at the State Personnel Board. And as stated in *State ex rel. Tharel* v. *Board of County Com'rs.*, 188 Okla. 184 [107 P.2d 542, at page 551]:

". . . All persons dealing with officers or agents of counties are bound to ascertain the limits of their authority or power as fixed by the statutory or organic law and are chargeable with knowledge of such limits. No estoppel can be created by the acts of such agent or officers in excess of their statutory or constitutional powers. [Authorities cited.]"

In *County of San Diego* v. *California Water etc. Co.*, 30 Cal.2d 817, the court said at page 826 [186 P.2d 124, 175 A.L.R. 747]:

". . . It is clear, however, that neither the doctrine of estoppel nor any other equitable principle may be invoked against the governmental body where it would operate to defeat the effective operation of a policy adopted to protect the public. . . .

"There is nothing inconsistent with this view in *Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], and the cases there cited which hold that in some instances a governmental body may be estopped by the conduct of its officers. In those cases the facts clearly established that a great injustice would be done if estoppel were not applied, and it did not appear that use of the doctrine would defeat any strong public policy or result in the indirect enforcement of an illegal contract."

In *English* v. *City of Long Beach*, 77 Cal.App.2d 894 [176 P.2d 940], a patrolman sought to return to duty after a long illness and leave of absence without taking a physical examination as required by a rule of the civil service board. English sought to show that Captain Faulkner advised him he could return at any time within six months of his leave of absence without taking a physical examination. English contended that the city was estopped by Captain Faulkner's advice, which was in violation of the rule. The trial court

ruled against his contention, and upon appeal the court said at pages 900-901:

". . . The same may be said in respect to appellant's assignment that the trial court erred in rejecting evidence to the effect that Captain Faulkner had advised Patrolman English that the latter could return at any time within the six months' leave of absence without taking a physical examination. Neither on the theory of establishing an estoppel upon the part of the city, nor to show an alleged contemporaneous construction of the rules, was this evidence admissible. It cannot be seriously contended that Captain Faulkner's statements could change the explicit provisions of the rule; nor should such statements be considered either as affecting an estoppel, or as establishing contemporaneous construction of a provision which, by reason of its clarity, needed no construction."

Authorities could be multiplied in support of the trial court's ruling, but we believe that the question of estoppel as involved in the instant case may be considered as settled by the very recent unanimous opinion of our Supreme Court in *Boren* v. *State Personnel Board*, 37 Cal.2d 634 [234 P. 2d 981]. In that case plaintiff contended that by reason of the representations of the State Personnel Board and the terms of his acceptance of the offer of employment, it was a condition of his contract that he would not be required to serve outside of the Southern California area and that his dismissal for failure to obey an order by his superior to report for duty at Sacramento was illegal. The trial court ruled against his contention, and in affirming the judgment the Supreme Court said:

"The terms and conditions of civil service employment are fixed by statute and not by contract. (*State* v. *Brotherhood of Railroad Trainmen*, 37 Cal.2d 412, 417 [232 P.2d 857]; *Risley* v. *Board of Civil Service Com'rs.*, 60 Cal.App.2d 32, 36 [140 P.2d 167]; *Nutter* v. *City of Santa Monica*, 74 Cal. App.2d 292, 298 [168 P.2d 741]; *City of Los Angeles* v. *Los Angeles etc. Council*, 94 Cal.App.2d 36, 44 [210 P.2d 305]; see, *Neuwald* v. *Brock*, 12 Cal.2d 662, 668 [86 P.2d 1047]; 14 Cal.L.Rev. 326.) 'When an employee of the state, under civil service, accepts a position, he does so with knowledge of the fact that his salary, and, indeed, his conduct, are both subject to the law governing such matters, as set forth in the statute and the rules and regulations of the commission.' (*Raymond* v. *Christian*, 24 Cal.App.2d 92, 100 [74 P.2d 536];

see also, *Stephens* v. *Clark*, 16 Cal.2d 490, 493 [106 P.2d 874].) The statutory provisions controlling the terms and conditions of civil service employment cannot be circumvented by purported contracts in conflict therewith. It is therefore unnecessary to determine whether the postal card questionnaire filled out by plaintiff when he applied for state employment set forth the conditions of a contract, as he contends, or was merely a request for information, as defendants contend. The controlling question is whether the statutory provisions governing employment in the state civil service gave to plaintiff's superior the authority to transfer him from Los Angeles to Sacramento.''

The court then went on to hold that under applicable statutes plaintiff's superior had authority to transfer him to Sacramento, and then stated with reference to plaintiff's claim of estoppel:

''Plaintiff contends that even if the State Personnel Board was without authority to make a contract limiting the geographical area of plaintiff's service, the state is nevertheless estopped by the Board's representations. To invoke estoppel in cases like the present would have the effect of granting to the state's agents the power to bind the state merely by representing that they have the power to do so. It is accordingly held that the authority of a public officer cannot be expanded by estoppel. [Citing cases.]''

No other points raised require discussion.

In view of the foregoing we conclude that the record and the authorities support the decision of the trial court that petitioner did not receive a civil service appointment as Unemployment Insurance Examiner, Grade 3, on a permanent basis, and that the judgment should be, and the same is, hereby affirmed.

Adams, P. J., and Van Dyke, J., concurred.