[Civ. No. 30420.   Second Dist., Div. Two.   June 19, 1967.]

FRANK H. JONES et al., Plaintiffs and Respondents, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones, Weldon L. Weber and John J. Tully, Jr., Assistant City Attorneys, for Defendants and Appellants.

Bewley, Lassleben & Whelan, Bewley, Lassleben, Whelan & Miller and Martin E. Whelan, Jr., for Plaintiffs and Respondents.

FLEMING, J.—Each plaintiff was employed more than 20 years in the fire or police department of the City of Los Angeles, and retired under the provisions of section 181 of the city charter on a fixed monthly pension. Plaintiffs dispute the city's computation of their pensions, claiming the city has

misinterpreted section 181 in figuring amounts due them as pensioners.

Section 181 provides that a retired member of the fire or police department shall be paid for twenty years' aggregate service a pension of "forty percent (40%) of the average monthly rate of salary assigned to the ranks or positions held by such member during the three years immediately preceding the date of retirement." This controversy involves an interpretation of the meaning of the phrase "ranks or positions" in the section and poses these questions: Does one who receives a raise in salary because of length of time in service hold a different rank or position from the one he held before the raise?

Does one who receives a step-pay increase while holding a given rank or position thereafter occupy a different rank or position although continuing to perform the same duties as before?

To understand the positions taken by the parties we must keep in mind the decision in *Henry* v. *City of Los Angeles,* 201 Cal.App.2d 299, 322 [20 Cal.Rptr. 440], in which the court held that fixed pensions under section 181 are to be computed on the basis of a pensioner's salary within a particular rank at the time of his retirement and not on the basis of his average salary within a rank during the previous three years. Hence the interest of the pensioners in this case lies in a broad interpretation of the phrase, rank or position, in order to keep salary increases within the same rank and thereby minimize the averaging of salaries among different ranks. Plaintiffs claim that salary increases resulting from longevity or step-pay, do not constitute changes in rank or position but rather reflect through increased pay the increased value to the city of an individual's service after a period of employment within a given rank. Under this view a retired policeman's or fireman's pension would be computed solely on the basis of the final rate of salary for his service within the rank or ranks occupied by him during the three years prior to his retirement.

On the other hand, the interest of the city lies in giving the phrase, rank or position, a narrow interpretation and classifying subcategories within salary scales as separate ranks, in order to require an averaging of salaries among different salary scales in the computation of the amounts of the pensions it must pay. The city argues that longevity and step-pay increases result in the occupation of different ranks within the

meaning of section 181 from those held before the increases, and that different levels of longevity or step-pay occupied within three years of retirement should be averaged in order to compute the pensions these retired policemen and firemen should receive.

The trial court found in favor of plaintiffs and held that an advance in salary-scale was not equivalent to an advance in rank or position within the meaning of section 181, that hence the higher pensions sought by plaintiffs were required by the charter. In interpreting the meaning of the phrase, rank or position, the trial court considered other provisions of the charter and other city ordinances, and in no instance did it appear that city employees were recognized as having achieved new rank or position by virtue of salary increases alone. Alfred E. Jacobs, chief personnel analyst of the city civil service department since 1956, testified that within his department the term position was ordinarily used to describe a job with defined duties and responsibilities and the term rank was ordinarily used in its military sense to define the level of the job, such as sergeant, lieutenant, and captain. He concluded that the establishment of a salary range for persons occupying the same rank or position did not result in the creation of subranks or subpositions. The cases of *Henry* v. *City of Los Angeles,* 201 Cal.App.2d 299 [20 Cal.Rptr. 440] ; *Abbott* v. *City of Los Angeles,* 178 Cal.App.2d 204 [3 Cal. Rptr. 127] ; *City of Long Beach* v. *Allen,* 143 Cal.App.2d 35, 37, and 41, 43 [300 P.2d 356] ; and *Stephens* v. *Clark,* 16 Cal.2d 490 [106 P.2d 874], lent support to the decision of the trial court that the phrase, ranks or positions, comprehends basic employment classifications within which may exist subdivisions and subclassifications of the same rank or position.

On appeal the city relies almost entirely on the case of *Meinheit* v. *City of Berkeley,* 179 . Cal.App.2d 492, 495 [3 Cal.Rptr. 821], in which it was said, ''Giving the word 'rank' its ordinary and usual meaning we find that it includes each grade, status, or scale of comparison within the position bearing the title of fire chief.'' In that case plaintiff retired while holding the rank of fire chief in the top pay-step. After the City of Berkeley hired another fire chief, it computed plaintiff's pension on the basis of the current salary paid the active fire chief and refused to pay plaintiff a pension based on the top pay-step because the active fire chief had not achieved that classification. The court ruled that plaintiff was

entitled to a pension based on the salary attached to the rank of fire chief, top-step, regardless of the eligibility of the current chief to qualify for that pay-step. Although the opinion in *Meinheit* discussed rank in terms of salary differentials, it could have achieved the same result by declaring that a pensioner, although governed by the current salary range for his rank, was entitled to continued recognition of his step classification within that salary range regardless of the eligibility of those in active service to qualify for that classification. Such was the substance of the holding in *Henry* v. *City of Los Angeles*, 201 Cal.App.2d 299 [20 Cal.Rptr. 440]. ■ We do not consider that the language in the *Meinheit* case controls our interpretation of the Los Angeles city charter; and we conclude that in the charter the phrase, ranks or positions, does not specify or refer to sub-ranks and sub-positions arising solely from longevity and step-pay differentials.

Our conclusion is buttressed by the text of section 181 designating the amounts of the pensions, for acceptance of the city's position would make largely superfluous that part of the section we have bracketed in the text below: ". . . forty percent (40%) of the average monthly rate of salary [assigned to the ranks or positions held by such member] during the three years immediately preceding the date of his retirement . . ." ■ In statutory construction there is a presumption against surplusage and in favor of a meaning for all parts (*Clements* v. *T. R. Bechtel Co.*, 43 Cal.2d 227, 233 [273 P.2d 5]), and we give the bracketed material meaning and effect by distinguishing between advances in rank or position and advances within the salary scale of a rank or position.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 13, 1967.