Filed 5/27/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOSEPH PICCININI,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA EMERGENCY MANAGEMENT AGENCY et al.,<br><br>        Defendants and Respondents. | A137275<br><br>(Sonoma County<br>Super. Ct. No. SCV-251102) |

Appellant Joseph Piccinini was offered and accepted employment as a deputy chief in the California Emergency Management Agency. The Friday night before he was to report for work, he was told not to come because the position for which he was hired had been eliminated. He incurred expenses in reliance on his appointment and sued for damages. The State's demurrers to Piccinini's complaints were sustained. Because his first amended complaint stated facts sufficient to constitute a cause of action under Government Code section 19257,[1] we reverse.

BACKGROUND

In his first amended complaint, Piccinini alleged that he responded to a public job announcement for the deputy chief position and participated in the state application process. He was the top candidate for the position and received an offer of employment. He accepted the offer and informed the State he could start in his new position on February 1, 2011. Piccinini completed all the necessary documentation, underwent a physical examination, received a new uniform, signed a two-year lease for a home nearby

_____

[1] Further statutory references are to the Government Code.

1

his new work site and resigned his position as chief of the Central Calaveras Fire Department. On February 3, 2011, Piccinini was told to report for work on February 7. After close of business on February 4th, Piccinini received a phone call from his new chief telling him not to report for work because, due to budget constraints, his position had been eliminated.

Piccinini filed suit for wrongful termination, breach of contract and promissory estoppel. The State demurred generally on the ground that his first amended complaint failed to state facts sufficient to constitute a cause of action. On October 22, 2012, the trial court sustained the demurrer on the grounds that public employment is governed by statute not contract, hence Piccinini could not have a cause of action for breach of contract. Alternatively, the court reasoned that to the extent Piccinini's claims were premised upon misrepresentation of the availability of a vacant position warranting his appointment, the State was immune from suit under section 818.8 which provides public entities are not liable for injury caused by the misrepresentation of public employees. Piccinini was given 20 days to amend.

On November 26, 2012, the State applied for judgment of dismissal upon Piccinini's failure to file an amended complaint. The next day the complaint was dismissed with prejudice and judgment was entered for the defendants. Piccinini timely appealed.

## DISCUSSION

We review de novo the sufficiency of a complaint against a general demurrer to determine whether the complaint alleges facts sufficient to state a cause of action under any legal theory. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We treat the demurrer as admitting all properly pleaded material facts, but not contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) When measured under this standard, we conclude Piccinini's complaint adequately alleges a cause of action in the nature of promissory estoppel as recognized by section 19257.

2

Title 2, Division 5, Part 2 of the Government Code provides a comprehensive personnel system for the state civil service. (§ 18500 et seq.) Among its provisions, section 19257 states: "Any person acting in good faith in accepting an appointment or employment contrary to this part or the rules prescribed hereunder, shall be paid by the appointing power the compensation promised by or on behalf of the appointing power or, in case no compensation is so promised, then, the actual value of any service rendered and the expense incurred in good faith under such attempted appointment or employment, and has a cause of action against the appointing power therefor."

Piccinini alleged that after following the state application process, he was offered and accepted a position as a deputy chief with the emergency management agency. Just before he was to report for work, he was told the hiring had been in error because his position was eliminated due to a lack of funding. As the Attorney General points out, civil service tenure is subject to the appropriation of sufficient funds. (§ 18500, subd. (c)(6).) Thus, Piccinini's first amended complaint alleged good faith acceptance of employment contrary to law, and his allegations fall squarely within the scope of the cause of action circumscribed in section 19257. He should be afforded the opportunity to proceed on his cause of action for promissory estoppel as authorized under section 19257.

The Attorney General argues it is improper to afford Piccinini the opportunity he seeks to prove his case because he did not amend his complaint to specifically allege section 19257 as a basis for liability. When, following a demurrer, a plaintiff who is afforded leave elects not to amend a complaint, we presume the complaint states as strong a case as the plaintiff can muster. (*Stonehouse Homes LLC v. City of Sierra Madre* (2008) 167 Cal.App.4th 531, 539.) To state a cause of action against a public entity, the plaintiff is required to allege every fact material to the existence of statutory liability with particularity. (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795.) But Piccinini's complaint meets these burdens.

The Attorney General also challenges Piccinini's promissory estoppel theory by arguing that application of estoppel in this case would contravene important state policies and improperly expand the authority of state officials. The Attorney General is correct

3

that as a general matter, estoppel will not be applied against the government if doing so would nullify a rule of policy adopted for the public benefit, or if doing so would expand the statutory or constitutional power of a government officer or employee. (*Poway Royal Mobilehome Owners Assn. v. City of Poway* (2007) 149 Cal.App.4th 1460, 1471; *Patten v. Cal. State Personnel Board* (1951) 106 Cal.App.2d 168, 173.) But such general expressions of estoppel doctrine do not control in this case. Here, section 19257 expresses a legislative policy that recognizes a cause of action in favor of someone who accepts an offer of state employment in good faith in violation of the rules and statutes that govern state hiring.

The State also argues that Piccinini's claim for promissory estoppel is barred by section 818.8 which provides the State immunity for intentional or negligent misrepresentation by state employees. However, a claim for promissory estoppel is an equitable theory rooted in contract, not tort. (*C & K Engineering Contractors v. Amber Steel Co.* (1978) 23 Cal.3d 1, 6–7.) Section 814 provides that the immunities, including section 818.8, of the Government Tort Liability Act do not affect liability based on contract. (§ 814.) Moreover, a claim for promissory estoppel does not require a misrepresentation by the defendant, nor does Piccinini allege any. (*C & K Engineering Contractors v. Amber Steel Co., supra,* 23 Cal.3d at p. 6.)

However, the State's demurrer to the causes of action for wrongful termination and breach of contract were properly sustained. As the trial court correctly observed, citing our Supreme Court, "it is well settled in California that public employment is not held by contract but by statute and that, insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law. [Citations.] . . . Indeed, '[t]he statutory provisions controlling the terms and conditions of civil service employment cannot be circumvented by purported contracts in conflict therewith.' " (*Miller v. State of California* (1977) 18 Cal.3d 808, 813–814.) Thus, Piccinini has no claim for breach of contract, nor based on his allegations that the offer of employment was revoked solely due to a lack of funding, could he possibly have a cause of action for

4

wrongful termination. As we previously stated, civil service employment is subject to appropriation of sufficient funds. (§ 18500, subd. (c)(6).) But to the extent that he actually rendered service or incurred expenses in good faith under his attempted appointment, Piccinini stated a claim for estoppel within the scope of section 19257.

## DISPOSITION

Dismissal of the causes of action for breach of contract and wrongful termination alleged in Piccinini's first amended complaint is affirmed. The dismissal of the cause of action for promissory estoppel is reversed. Piccinini shall have 30 days following issuance of remittitur to file an amended complaint alleging a cause of action for promissory estoppel as provided by section 19257. The subject of Piccinini's request for judicial notice is not necessary for resolution of this appeal, and for that reason the request is denied. Each party is to bear its own costs on appeal.

_____

Siggins, J.

We concur:

_____

McGuiness, P.J.

_____

Pollak, J.

5

| | |
|---|---|
| Trial Court: | Sonoma County Superior Court |
| Trial Judge: | Honorable Gary Nadler |
| Counsel for Appellant: | Scott Adrian Lewis<br>PERRY, JOHNSON, ANDERSON,<br>MILLER, & MOSKOWITZ |
| Counsel for Respondent: | Kamala D. Harris, Attorney General<br>Alicia Fowler, Senior Assistant<br>Attorney General<br>Miguel A. Neri, Fiel D. Tigno,<br>Supervising Deputy Attorneys General<br>Christopher M. Young, Deputy Attorney<br>General |