Filed 12/11/14  Ward v. Cal. State Personnel Bd. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JAMES WARD, | |
| Plaintiff and Appellant, | E058829 |
| v. | (Super.Ct.No. RIC1210228) |
| CALIFORNIA STATE PERSONNEL BOARD, | OPINION |
| Defendant and Respondent; | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Real Party in Interest and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge.

Affirmed.

Derek T. Anderson for Plaintiff and Appellant.

1

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Chris A. Knudsen, and Michael J. Early, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

Petitioner and appellant Dr. James Ward was hired as a dentist at Ironwood State Prison (Ironwood) in July 2007. His temporary two-year position expired in July 2009. Ward contends he was actually hired for a permanent position, not a limited-term position for only two years. After a State Personnel Board (SPB) administrative hearing, Ward received a proposed decision in his favor, awarding him a permanent full-time position. The SPB rejected the proposed decision and rendered a decision dismissing Ward's merit issue complaint. Ward appeals from a judgment denying his petition for writ of administrative mandamus, challenging the SPB's decision dismissing his complaint.[1]

The administrative record demonstrates there was some bureaucratic confusion about whether the chief dentist position was meant to be permanent or limited term. Some of the employment documents refer to it as being permanent and some to it being for a limited term. Based on a collection of exhibits, Ward testified that, throughout the hiring and employment process, it was represented to him and he understood that the position was for a limited term with the possibility of becoming full time, which he

---

[1] We deny the motion for factual determination filed October 18, 2003. (Code Civ. Proc., § 909; Cal. Rules of Court, rule 8.252(b); *In re Zeth S.* (2003) 31 Cal.4th 396, 405.) We also decline Ward's suggestion that we treat the motion as a petition for writ of coram nobis.

2

interpreted to be an offer of permanent employment. Nevertheless, applying the deferential standard of review, we hold that substantial evidence supported the decision of the SPB and the trial court. We affirm the judgment.

II

STANDARD OF REVIEW

An appeal involving a decision of the SPB is governed by Code of Civil Procedure section 1094.5, subdivision (c), which provides "abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record." (Code Civ. Proc., § 1094.5, subd. (c).) "[A] superior court considering a petition for administrative mandate must defer to the board's factual findings if they are supported by substantial evidence." (*State Personnel Bd. v. Department of Personnel Admin.* (2005) 37 Cal.4th 512, 522.)

"'Substantial evidence' is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. (*Hosford v. State Personnel Bd.* (1977) 74 Cal.App.3d 302, 307.) Such evidence must be reasonable, credible, and of solid value. (*Kuhn v. Dept. of General Services* (1994) 22 Cal.App.4th 1627, 1633.)" (*California Youth Authority v. State Personnel Bd.* (2002) 104 Cal.App.4th 575, 584-585.)

"Our scope of review on appeal from such a judgment is identical to that of the trial court." (*Bixby v. Pierno* (1971) 4 Cal.3d 130, 149, citing *Boreta Enterprises, Inc. v. Department of Alcoholic Beverage Control* (1970) 2 Cal.3d 85, 94-95.) We do not reweigh the evidence; we indulge all presumptions and resolve all conflicts in favor of the SPB's decision. Its findings come before us with a strong presumption as to their

3

correctness and regularity. We do not substitute our own judgment if the SPB's decision could have been made by reasonable people. (*Camarena v. State Personnel Bd.* (1997) 54 Cal.App.4th 698, 701.)

III

FACTUAL AND PROCEDURAL BACKGROUND

In accordance with the standard of review, we base the following summary on the administrative record and the findings set forth in the SPB decision.

*A. The Administrative Hearing*

Ward was the only witness at the administrative hearing. He has been a dentist since 1973 and had never worked for the state of California.

In April 2006, Ward submitted an SPB employment application for "Dentist (correctional facility)" to Ironwood. On October 12, 2006, Ironwood completed a request for personnel action, seeking to fill the position of Chief Dentist, which had been temporarily vacated by Dr. Linda Martinez. The position was full-time for a limited term of 24 months. In November 2006, Ward returned a signed copy of an employment inquiry from Ironwood for the position of "Chief Dentist, Correctional Facility" for "full time, temporary for 12 months." The inquiry also stated, "This position may become permanent full time in the future." At the same time, Ward had a telephone conversation with Yvonne Olivas, an Ironwoood personnel employee, and told her he was not interested in a temporary position.

In December 2006, Ward received a letter from Olivas, scheduling him for an interview "for the position of **Chief Dentist, C.F., limited term, up to 12 months. This**

4

**position may become permanent full time in the future.**"  At the interview, there was no discussion about the term of the appointment.

On April 30, 2007, Olivas called Ward and sent him another letter offering him the position of "Chief Dentist, C.F., permanent full time, contingent upon approval of your medical examination, . . . ," other tests, and fingerprints.  The health questionnaire accompanying the offer letter was marked for permanent employment.  Ward accepted the offer of employment and arranged to move from San Diego to Blythe.

Ward completed a personnel identification card information, dated July 2, 2007, listing the type of appointment as "Permanent."  However, the notice of personnel action, report of appointment, (NOPA) dated July 18, 2007, described his appointment status as "civil service limited term."  The notice also stated, "Your appointment is from an employment list for other than permanent work."  The NOPA stated the information it contained was assumed to be correct unless Ward gave 30-days' written notice of errors. There was no probation period.

Ward was "shocked" because the NOPA document was inconsistent with his understanding that his employment was permanent.  He immediately talked to a personnel specialist, "Sherry," who said he needed to sign the notice to be paid.  Ward then contacted his direct supervisor, Dr. Lynda Mixon, who assured him it was a temporary measure and that his position would become permanent after Dr. Martinez's new position became permanent.  Ward understood that his position would be converted soon to that of permanent, full-time chief dentist.  Dr. Martinez did not become

5

permanent in her new position until August 2007, after Ward had been hired in July 2007 for the temporary position.

On January 9, 2008, Martha Lambert, another Ironwood employee, contacted Dr. Mixon, requesting "confirmation that Dr. Ward is to be made Permanent Full Time. Personnel can backdate the appointment 60 days." On September 9, 2008, Karen Huston, a state employee, wrote an email to Lambert, inquiring about whether Ward was permanent or full time. Lambert responded that Ward had been hired for 24 months from July 2007 to July 2009. The position "was able to become Permanent" on August 9, 2007, after Dr. Martinez's position was permanent. Lambert added, "The question on whether Dr. Ward is going to be made PFT has been addressed various times yet a decision was not made. Dr. Ward was hired with the possibility of becoming Permanent, . . ."[2]

On October 3, 2008, Dr. Mixon wrote Ward an email stating that there would be interviews for the "permanent Chief Dentist position . . . since previously the position could only be advertised as limited term position" and inviting Ward to apply. When Ward contacted Dr. Mixon, she again reassured him that he would be hired permanently. After Ward submitted an application and interviewed, he was informed he was the most qualified and would be hired, However, he was not hired.

After Ward received a copy of the Huston-Lambert email exchange in February 2009, he became upset and felt betrayed. He contacted Dr. Mixon and, in March 2009,

---

[2] Lambert forwarded the email exchange between her and Huston to Ward on February 26, 2009.

he wrote her a long letter, the gist of which was that the chief dentist position was originally advertised as "'limited term, may become permanent'" but he attended the interview in December 2006 "with the expectation that the position would shortly become permanent if not already." Additionally, he claimed the position was offered to him in April 2007 as permanent, full-time, which he accepted as such. Ward reviewed his personnel file and discovered that his identification card had been altered with two notations describing his job as limited term. Ward's two-year term expired in July 2009.

B. *Subsequent Proceedings*

Ultimately, Ward filed a merit issue complaint in June 2009. A SPB administrative hearing was conducted in June 2011. A proposed decision in favor of Ward was issued in September 2011. The SPB rejected the proposed decision. After an SPB hearing in February 2012, the SPB decision dismissing Ward's complaint was adopted on May 22, 2012.

The SPB decision recognized that Ward was understandably misled by Olivas and Mixon's communications to Ward describing the position as having the potential to become permanent: "An applicant unfamiliar with the Civil Service laws could logically assume from these representations that by an appointment to a limited-term position, [he] could become a permanent employee. To be appointed to a permanent position, however, Respondent would need to request another certified list and the individual would need to be successful in the exam to be on that list. Because [Ward] was appointed to the appropriate vacancy from which the list was certified to, Respondent did not violate those laws which the SPB is charged with overseeing. The SPB is limited by its constitutional

7

role to uphold and administer the [State Civil Service Act, Government Code section 18500 et seq.]. This Decision does not address whether [Ward] has remedies available to him under other legal authorities that may be more appropriately addressed before forums other than the SPB."

Ward filed a petition for writ of mandate in July 2012 and the superior court entered judgment denying the petition on March 11, 2013. It also denied his motion for new trial.

IV

SUBSTANTIAL EVIDENCE

Substantial evidence supports the findings of the SPB and the trial court that Ward applied for and was hired for a two-year limited term, not for a permanent position. Although Olivas incorrectly characterized the job as permanent in the telephone conversation and in the letter of April 30, 2007, and Ironwood employees discussed the possibility of the job being converted to permanent status, that possibility never occurred.

Public employment is governed by statute, not contract. (*Miller v. State of California* (1977) 18 Cal.3d 808, 813-814; *Patten v. Cal. State Personnel Board* (1951) 106 Cal.App.2d 168, 172.) The State Civil Service Act, Government Code section 18500 et seq., provides a comprehensive scheme for civil service employment based on merit, efficiency, and fitness as ascertained by competitive examination. (Cal. Const. art. VII, subd. (b); Gov. Code, §§ 18500, 18930, and 18950.) Eligible candidates are appointed from a certified list. (Gov. Code, § 19057.1.) Limited-term appointments for a specific

8

duration are allowed for temporary staffing needs and do not involve a probationary period. (Gov. Code, §§ 18528, 19080, 19080.3 and 19171.)

At the outset, the need to fill a chief dentist position arose in October 2006 when Dr. Martinez was assigned elsewhere temporarily but was entitled to return to occupy the Ironwood position. (Gov. Code, § 19140.5; *Hulings v. State Department of Health Care Services* (2008) 159 Cal.App.4th 1114, 1120, 1122.) The employment list from which Ward was hired was for "other than permanent work." The employment inquiry, which Ward signed and returned in November 2006, described a temporary position of 12 months with the possibility of permanent status. The letter confirming his December 2006 interview also referred to a limited term of 12 months—with the possibility of becoming permanent in the future. Later, the NOPA, the official employment appointment, listed the position as having a limited term and not permanent. In spite of Ward's insistence that he had acquired permanent employment in July 2007, Ward waited until June 2009 to file a complaint. Because Dr. Martinez had the legal right to occupy the chief dentist position, Ironwood could not have offered a permanent position to Ward before August 2007 at the earliest. (*Sacramento County Alliance of Law Enforcement v. County of Sacramento* (2007) 151 Cal.App.4th 1012, 1018.)

In *Williams v. Department of Water & Power* (1982) 130 Cal.App.3d 677, 682-683, the court "held that the employee's unilateral expectation of continued employment was not reasonable, because 'public employment is accepted subject to the statutory provisions regulating it, . . .'" (*Kreutzer v. City and County of San Francisco* (2008) 166 Cal.App.4th 306, 318.) It is undisputed that Ward never completed the probationary

9

period that would be required for permanent employment.  (Gov. Code, § 18528;

*Professional Engineers in Cal. Government v. State Personnel Bd.* (2001) 90 Cal.App.4th

678, 692.)

Here, Ward interviewed in December 2006 for a temporary job with a limited

term.  The NOPA documented the nature of the employment in July 2007.  No permanent

position was or could have been available until August 2007.  As the court stated in

*Jenkins v. County of Riverside* (2006) 138 Cal.App.4th 593, 610, the mistakes made by

employees like Olivas and Mixon could not "magically transform" a temporary position

into a permanent position.  Olivas, whose title was "Delegated Testing Officer," had no

authority to make Ward's temporary position permanent.  (*Jenkins,* at pp. 609-616.)

Although Olivas erred in her conversation and subsequent letter purportedly offering

permanent employment to Ward, it was entirely reasonable to conclude—as did the SPB

and the trial court—that the dentist position was temporary.  Ward's misunderstanding

was certainly justified under the circumstances but only the CDCR could legally offer

Ward a permanent position.  Because defendant was never appointed to a permanent

position, Government Code section 19257.5 does not apply.

Furthermore, policy considerations, as expressed in *Patten v. State Personnel*

*Board, supra,* 106 Cal.App.2d 168 and as articulated by the SPB in its decision, militate

against converting a limited-term employee into a full-time permanent appointment,

allowing the "circumvention of the merit-based appointment system where the permanent

appointment will not be based on a selection of all qualified candidates who may be

interested in the permanent appointment."  For the same reason, the doctrine of equitable

10

estoppel does not apply. (*Patten,* at p. 175; *Boren v. State Personnel Board* (1951) 37 Cal.2d 634, 640.)[3]

The trial court properly denied the motion for new trial because the deposition testimony of Dr. Martinez, obtained in Ward's related federal case, was not evidence that either was relevant or could not have been produced in the exercise of reasonable diligence. (Code Civ. Proc., § 1094.5, subd. (e); *Helene Curtis, Inc. v. Los Angeles County Assessment Appeals Bds.* (2004) 121 Cal.App.4th 29, 37; *Pomona Valley Hospital Medical Center v. Superior Court* (1997) 55 Cal.App.4th 93, 109.) Notwithstanding, Dr. Martinez's testimony only served to confirm that her position became permanent on August 9, 2007, meaning that Ward could not have obtained permanent employment in April or July 2007.

V

DISPOSITION

Substantial evidence supported the decision of the SPB and the trial court. The trial court did not abuse its discretion in denying the motion for new trial. We affirm

---

[3] We do not rely on *In the Matter of the Appeal by Susan McGuire* CASPB Case No. 27771 (Cal. S.P.B.), 1991 WL 110030003, which is factually distinguishable.

11

the judgment.  In the interests of justice, we order the parties to bear their own costs on

appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

KING

J.

12