[Civ. No. 6526. Third Dist.—April 17, 1941.]

RUTH E. CONOVER, Appellant, v. BOARD OF EQUALIZATION et al., Respondents.

J. M. Inman and E. R. Vaughn for Appellant.

Earl Warren, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondents.

THE COURT.—This is an appeal from a judgment of dismissal entered upon an order sustaining respondents' demurrer to a petition for a writ of mandate, and a refusal to amend.

We are convinced the opinion of Judge Peter J. Shields correctly states the facts and the law, and hereby adopt the same as the opinion of this court.

By this proceeding in *mandamus* it is prayed that the petitioner be adjudged to have been entitled to the rank and grade of supervising stenographer clerk, from December 20, 1934, to the present time and that she be paid certain sums due to her because of her performance of the duties of that office. The facts alleged in the petition herein are substantially these: For over six months immediately prior to December 20, 1934, the petitioner had been in the employ of the state, her duties being exactly those of other employees who had been classified as, and had been receiving the emoluments of a grade in the civil service classified as supervising stenographer clerk. By virtue of the constitutional amendment of December 20, 1934, petitioner was incorporated into the state service, subject only to a probationary period of eight months during which time she could have been dropped from the state's employ.

With reference to such persons so legislated into the civil service it was provided that the Personnel Board "shall give each such person such class or grade as it may deem just", Section 5, subdivision (e) constitutional amendment. It is not provided at what time this classification must be made. But in the case of the petitioner it is alleged that her position was graded and classified July 8, 1935, during her probationary period, as senior stenographer clerk.

It will be recalled that the petition alleges that at that time petitioner was doing the same work as other employees who were classified as supervising stenographer clerk. Petitioner therefore alleges that the lower classification given her was arbitrary and unlawful and that she should have been given the grade and in law must be regarded as having held the position as supervising stenographic clerk from the date of her inclusion in the civil service, December 20, 1934.

Details following her classification are that she applied for reclassification and that thereafter the Personnel Board asked that all those who desired reclassification present their petitions to the board. No action was taken upon the petitions thus submitted to the board until January 7, 1939, when the state personnel board classified petitioner's position as that of supervising stenographer clerk, and declared that her title to that rank should relate back to the time at which she was "blanketed in" to the civil service, December 20, 1934.

Upon the basis of this action by the Personnel Board·petitioner claims that from December 20, 1934, to January 7, 1939, she should have been paid successively increasing sums per month instead of the $110 which she was receiving when first called to the civil service and was paid until January 8, 1939, when she was given the classification to which she was entitled and for which she has since been paid $180 per month.

It will appear from the foregoing that petitioner is now holding the classification to which she claims she is entitled and is receiving the salary appropriate to that position. It will appear also that petitioner had never been, nor given the grade and salary of supervising stenographer clerk until January 7, 1939. It may be admitted that under the allegations of the petition, petitioner should have been so classified within a reasonable time after December 20, 1934, but she was not so designated. It cannot be contended, and petitioner does not so contend, that the constitutional amendment itself and by its own terms so classified her; what she does contend is that in the facts stated in the petition the amendment made it the duty of the board to so classify her.

To give petitioner a right to the relief prayed for, and to establish her status as a supervising stenographer clerk from the date of her inclusion in the civil service, petitioner relies upon the order of the Personnel Board of January 7, 1939, but the board had no such power as it assumed in that order and its effort to make its order of that date retroactive was beyond its power. This conclusion is abundantly supported by the case of *Heap* v. *Los Angeles,* 6 Cal. (2d) 405 [57 Pac. (2d) 1323], although the attempted exercise of the power of reconsideration and retroaction in that case had much more to support it than has the action of the board before us.

■ The petitioner here is seeking to recover the full salary of a supervising stenographer clerk less what she has already received from the date of her adoption into the civil service, December 20, 1934. In this she is supported by the order of the board of January 7, 1939. The board in this order attempted to give petitioner the status of supervising stenographer clerk from the very moment of the effective life of the constitutional amendment. This is contrary to the amendment itself. This amendment states that when persons in the position of the petitioner were to be "blanketed" into the civil service, that they should "continue" to hold

positions under which they were to come into the civil service, and such positions which they were to continue to hold were to be held until the board should "give each such person such class or grade as it may deem just". Clearly, therefore, when the unclassified employees of the state were "blanketed" into the civil service they came in with the salaries which they were then getting and they were to continue to receive such salary until the board should, as it might "deem just" give them the class and grade appropriate to their work. (*Stephens* v. *Clark*, 16 Cal. (2d) 490 [106 Pac. (2d) 874].) So when the board attempted to give the petitioner retroactively a salary higher than that which she was receiving when she entered the civil service, it acted in clear excess of its authority.

It is equally clear that in attempting any retroactive authorization of salary it was equally without authority. ■ The State Personnel Board is a body of special and limited jurisdiction. It has no powers except such as the law of its creation has given it. If it has power to increase the salary of petitioner, retroactively, it would unquestionably have the power to lower it and require one in the position of petitioner to refund her excess receipts. From what date could the salary in this case be retroactively increased? Not to the date of the amendment as we have seen. Should it have been to July 8, 1935, when as contended for by petitioner her position was improperly classified? But the fact that her position was improperly classified on a certain date gave petitioner no right. If the board had looked into her position with a view to giving her the proper classification it might have taken months for the board to have reached its conclusion. In the circumstances of this case the only effect of the attempted order of the board of date January 7, 1939, was to give to the petitioner the money demanded in this action. This so far as the board is concerned would have been a pure gift which of course it had no power to make. At best it was an effort of the board to pay an equitable claim, a matter beyond its jurisdiction.

To give the Personnel Board the power which they attempted to exercise here would be to unsettle the whole civil service of the state, to open the door to favoritism; to the exercise of political pressure, and personal solicitation. Sound public policy forbids such a construction of the civil

service laws of the state. It is clear that petitioner had no legal title to her classification, the classification actually did not exist until it was made January 7, 1939. The most that can be said from the facts stated in the petition is that petitioner had a legal claim or right to have the legal title given to her within a reasonable time after December 20, 1934.

A salary is an incident to an office or employment. "At common law the salary annexed to a public office is incident to the title to the office." (*Chubbuck* v. *Wilson*, 151 Cal. 162 [90 Pac. 524, 12 Ann. Cas. 888].)

"Where a *de facto* officer is in possession of an office, discharging its duties under color of right, a person claiming to be a *de jure* officer, entitled to possession of the office, cannot maintain an action against the state or other governmental body for the emoluments of the office without first establishing his right to the office by direct proceedings." (46 Cor. Jur. 1028 278; *City of Oakland* v. *Lyckberg*, 95 Cal. App. 71 [272 Pac. 606].) The same rule unquestionably applies to public employees holding positions such as that of petitioner.

It might be within the power of the board to make an order correcting a previous order to make the latter state correctly what has been done, or to retroactively regulate precedence or seniority, but in that way to give a person a classification and then to provide that the salary of that position should be paid to such person for a long period during which she did not hold that position and did not have a legal title to it, seems clearly beyond the power of the board.

A statute might provide otherwise as section 936 of the Political Code does in certain cases, but there is no statute in this case which attempts to change the rule of the common law. Petitioner was not a supervising stenographer clerk until she was made one by the Personnel Board January 7, 1939. Before that time the most that can be said of her was that she should have been so named, and was legally entitled to such a designation. But she was not given the position and did not hold the title to it until it was given to her as above stated. (*Stephens* v. *Clark, supra.*) Since that time she has held the position, enjoys the classification, and has been receiving the salary which is attached to it. The petitioner therefore has no legal grievance which can be relieved against in this proceeding. In view of the foregoing

we do not deem it necessary to consider the several other points urged by respondent.

The judgment is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied June 12, 1941. Traynor, J., did not participate therein.