[Civ. No. 13174.   Second Dist., Div. Two.   Oct. 14, 1941.]

JACK CAMPBELL, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

Adolph H. Levy and Maurice Levy, Jr., for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and John F. Feldmeier and Louis A. Babior, Deputies City Attorney, for Respondents.

MOORE, P. J.—This appeal follows judgment after an order sustaining demurrer without leave to amend.

The action arose upon a petition for a writ of mandate. On June 14, 1926, petitioner resigned as concrete foreman of the Bureau of Engineering, city of Los Angeles. April 25, 1935, he filed his request for reinstatement with the Civil Service Commission. April 29, 1935, pursuant to said request and the recommendation of the city engineer and the Board of Public Works, petitioner's name was restored by the commission to the Register of Eligibles for the position he had formerly occupied. Nine years elapsed from the date of his resignation to the date of his restoration to the civil service list. Four and one-half years later, on November 21, 1939, petitioner was discharged on the ground that he had been illegally restored to the eligible list and that, therefore, his appointment May 10, 1935, was illegal as in violation of section 3, rule 12 of the Rules of the Board of the Civil Service Commission.

On November 24, 1939, pursuant to the provisions of section 112 (a) of the city charter, he filed his application with the commissioners for an investigation of the grounds of his

discharge. Twenty-five days later the commissioners sustained the discharge. In attempting to follow the provisions of section 112½ of the charter (new section, 1937) 91 days after his discharge, to-wit, on February 20, 1940, petitioner filed his demand for reinstatement with the commissioners. Eight days later the board advised him that it had no authority to re-open a proceeding for the discharge of an employee on which it had taken action under section 112 (a). Fifteen months after his discharge, that is, on April 3, 1941, his petition for a writ of mandate was filed and an alternative writ was thereupon issued.

Petitioner had been by his voluntary resignation separated from the service for nine years. In spite of his long absence he was restored to the eligible list and to his former position. This was in violation of the rule which inhibits restoration to the Register of Eligibles of "any person who has been separated from the service of the city for more than three years." (Sec. 3, rule 12, Civil Service Rules.)

Petitioner now contends that the last cited rule can be ignored and that the board has the power to suspend that rule and order restoration. There is no authority for the exercise of such power. The selectees, under civil service of defendant city, are chosen by the Civil Service Department which is under the control of a board of five commissioners. (Sec. 71, City Charter.) The board has power to create rules for its own government. Rules so created have the same force as charter provisions so long as they are applied within the scope contemplated by the charter. (*Bruce* v. *Civil Service Board of Oakland,* 6 Cal. App. (2d) 633, 637 [45 Pac. (2d) 419]; *Mitchell* v. *McKevitt,* 128 Cal. App. 458 [17 Pac. (2d) 789], 5 R. C. L. 611.) After their adoption, the board's power to modify them may be exercised only in conformity with the prescribed mode. (Charter, sec. 76, 102.) *Heard* v. *Board of Administration,* 39 Cal. App. (2d) 685 [104 Pac. (2d) 47]; *Nash* v. *City of Los Angeles,* 78 Cal. App. 516 [248 Pac. 689].) Not a word in the charter suggests the investment of the board with the power to suspend a rule. But, on the contrary, all rules and changes thereof must be adopted or made by a resolution of the members, recorded in the minutes, attested, and promulgated in the official paper (secs. 76, 102, charter), and become effective only after the lapse of 30 days following their publication.

Where the genius of a city charter is such that rules created by the board of civil service commissioners are to be followed with the same strict conformity as are "charter provisions" there is no justification in authority or in reason to hold that the board may, at any time, arbitrarily and without following the forms prescribed by the charter, suspend a rule in order to accommodate one claiming to be aggrieved. Otherwise the long-cherished principle of universal application of the law would be cast into the discard.

Since petitioner's appointment violated the rules relating to the civil service and was, therefore, void, it was the duty of the Board of Public Works to discontinue his employment promptly upon discovering its illegality. (*Palmer* v. *Board of Education,* 276 N. Y. 222 [11 N. E. (2d) 887]; *People* v. *Board of Health,* 153 N. Y. 513 [47 N. E. 785]; *Pinion* v. *State Personnel Board,* 29 Cal. App. (2d) 314 [84 Pac. (2d) 185].)

As to whether petitioner proceeded as required by the charter after his dismissal, the record discloses that his "demand for reinstatement" was filed 91 days after his discharge. Thus did he fail to act within the law as contained in section 112½ which allows 90 days within which to file such demand. Charter provisions and statutes which require that claims be filed as conditions precedent to the maintenance of actions against municipalities or their agents are mandatory. (*Whitely* v. *Superior Court,* 18 Cal. (2d) 75, 79 [113 Pac. (2d) 449]; *Continental Ins. Co.* v. *City of Los Angeles,* 92 Cal. App. 585 [268 Pac. 920]; *Crescent Wharf etc. Co.* v. *City of Los Angeles,* 207 Cal. 430 [278 Pac. 1028]; *White-Satra* v. *City of Los Angeles,* 14 Cal. App. (2d) 688 [58 Pac. (2d) 933]; *Spencer* v. *City of Calipatria,* 9 Cal. App. (2d) 267 [49 Pac. (2d) 320].)

Petitioner contends that he complied with the purpose and object of section 112½; also that he substantially complied with the formalities thereby prescribed by his filing within five days after his discharge, in accordance with section 112 (a) his written application on November 24, 1939, for an "investigation of the grounds of his discharge." Subsequent to the filing of such application, on December 26, 1939, the Board of Civil Service Commissioners sustained the discharge whereupon the matter became *functus officio.* The board had exhausted its powers in the premises.

Section 112 (a) was not authority for petitioner to demand his reinstatement. This section provides for a proceeding by which the board may without formal action voluntarily reinstate a discharged employee upon its determination that the reasons for the discharge were insufficient and that the discharged employee is qualified for his position, or the person so removed may ask for an investigation of the grounds of his discharge and the board may order him reinstated. In other words, the section is the basis for departmental procedure. On the other hand, section 112½ was the only authority under which petitioner could have made his demand for reinstatement which "must be presented in writing within ninety days." If a discharged employee could satisfy the requirement of section 112½ by doing acts prescribed by section 112 (a), then the addition in 1937 of section 112½ was a futility. ■ When a new provision is added to a charter, it must be presumed that a change in the city's organic law was intended in those particulars indicated by the amendment, or added section. (*Loew's Inc.* v. *Byram*, 11 Cal. (2d) 746 [82 Pac. (2d) 1]; *People* v. *Weitzel*, 201 Cal. 116 [255 Pac. 792, 52 A. L. R. 811]; *Pierce* v. *Riley*, 21 Cal. App. (2d) 513 [70 Pac. (2d) 206]; *Estate of Garthwaite*, 131 Cal. App. 321 [21 Pac. (2d) 465].) ■ Since petitioner was required to proceed in accordance with section 112½ he must suffer the consequences of his own folly in not presenting his written demand for reinstatement within the specified period. When penalties are prescribed for him who fails to act in accordance with legislative provisions, the latter are mandatory. Substitutes are unavailing. (*Whitely* v. *Superior Court, supra.*)

■ Petitioner is barred by laches by reason of his very declarations. Not only did he ignore the requirements of section 112½ but his long delay in instituting this action magnifies his lack of diligence. He was discharged November 21, 1939. Although the Civil Service Commission sustained the discharge 25 days later, it was not until 91 days after his discharge that he filed a demand for reinstatement. Moreover, he permitted fifteen months to intervene after his discharge before he instituted this proceeding. No excuse is suggested in justification of this long delay; no allegation is made that during the fifteen months he had been encouraged to believe that he would be reinstated or that he was dissuaded

from resorting to legal action by any promises or conduct of respondents. Unless facts be alleged which constitute a sound excuse for a delay of 15 months, such delay in commencing the action is absolutely indefensible. One must proceed with diligence who would compel his reinstatement to a civil service position from which he has been discharged. (*Hayman* v. *City of Los Angeles*, 17 Cal. App. (2d) 674, 680 [62 Pac. (2d) 1047].) A delay of fifteen months after his discharge is so long as to deprive petitioner of all rights to equitable consideration. (*Irwin* v. *City of Los Angeles*, 3 Cal. App. (2d) 495 [39 Pac. (2d) 851]; *United States ex rel. Arant* v. *Lane*, 249 U. S. 367 [39 Sup. Ct. 293, 63 L. Ed. 650]; *Rotherham* v. *Grece*, (N. J.) 183 Atl. 291; *Insley* v. *Shanahan*, 173 Misc. 33 [17 N. Y. Supp. (2d) 25, 27]; *Newbury* v. *Civil Service Commission of the City of Los Angeles*, 42 Cal. App. (2d) 258 [108 Pac. (2d) 745].)

The judgment is affirmed.

Wood, J., and McComb, J., concurred.