[Civ. No. 24501.  Second Dist., Div. Two.  Mar. 13, 1961.]

THOMAS EISTRAT, Appellant, v. BOARD OF CIVIL SERVICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Respondents.

Thomas Eistrat, in pro. per., for Appellant.

George L. Arnold, Jerome Smith, Kenneth M. Schwartz, Laurence D. Steinsapir and Peter Aronson as Amici Curiae on behalf of Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Weldon L. Weber and George William Adams, Deputy City Attorneys, for Respondents.

FOX, P. J.—Petitioner appeals from a superior court judgment denying him a writ of mandate. The writ is sought for the purpose of compelling respondents to reinstate petitioner to a promotional examination from which he had been disqualified for the alleged reason that he refused to stop marking his answer sheet after time had been called. The petitioner also seeks an order requiring the respondents "to strike the whole and every part of the written tests heretofore held for said examination from any consideration as part of the promotional examination aforesaid for Mechanical Engineer."

Petitioner took the written portion of a promotional examination for mechanical engineer on March 7, 1959. Following the examination, the general manager of the civil service department sent a report to the respondent board the last two paragraphs of which read as follows: "Thomas Eistrat took the written test for Mechanical Engineer at Hollywood High School on Saturday, March 7, 1959. His identification number was 843. The Proctor Report in the morning session of the examination indicates that 'Candidate 843 continued to mark his answer sheet after time was called. Questions 29 through 35 were marked. I tried to take the paper but he held it on the desk with his arm until he was finished.'

"Mr. Eistrat was questioned on March 13, 1959 and claims that he did not hear the proctor when time was called. He also claims that the proctor did not allow the full time. His answer sheet indicates that questions 29 through 35 were all answered choice B and were apparently marked in a great hurry." The general manager recommended to the commissioners that they disqualify petitioner because of his failure to stop marking his answer sheet when time was called. Petitioner was informed of the charge on March 13, 1959. On March 27, petitioner was admonished by two members of the commission to be prepared for the hearing on the recommendation for his disqualification to be held on April 3, by bringing his witnesses and all the evidence that he felt should be considered by the board.

On April 3, the hearing was held as scheduled. The only matters brought forth at the hearing were the following: Petitioner denied the charges made in the general manager's report; he presented two letters, signed by 13 persons who had taken the examination with him, to the effect that the signatories were seated "close" to petitioner "and did not see or hear anything to indicate that he took any longer than the allowable time"; and petitioner's examination paper with certain light pencil marks on it, all in column "B" on a multiple choice answer sheet, which could give rise to an inference that they were made after time had been called.

During the course of these proceedings a commissioner made the following comment to petitioner: "Mr. Eistrat, the way in which your marks are made on this paper don't quite bear out what you are saying. All the first two rows of questions are answered very neatly and clearly. Then suddenly the third row, they are just hastily jogged down there. They

are not even straight. The other answers were straight." On this point at the beginning of the hearing in response to the president's request "to tell us the facts the way you know them," petitioner stated: "The facts are very simple. I was competing in the examination except that some marks are not as heavy as some others I made before time was called, . . ." Petitioner objected to the evidence before the board as hearsay and expressed the belief that he was being denied the right of cross-examination to which he was assertedly entitled. It does not appear from petitioner's brief that anything else of note took place at the hearing. The matter was then taken under consideration. On April 10, the board approved the general manager's recommendation that petitioner be disqualified in the examination. Also, at that meeting petitioner's protest regarding the manner in which the examination was conducted was filed.

The principal contention of petitioner is that no substantial evidence was received by respondent commission to support its order disqualifying him from the examination. His claim is based on the assertion that a formal hearing should have been held at which the rules of evidence relating to hearsay were applicable, and that the failure to hold such a hearing denied him due process of law.

Petitioner has cited us to no statutory requirement that a formal hearing be given before one can be disqualified in the taking of a civil service examination. The provisions of the charter of the city of Los Angeles governing the holding of examinations for positions in the classified civil service are contained in sections 103 (Stats. 1935, p. 2340), 105 (Stats. 1925, p. 1063) and 107 (Stats. 1957, p. 4536). None of these provisions either expressly or impliedly requires a hearing in matters affecting the disqualification of candidates. Whether a hearing might be considered advantageous or even necessary to a proper administration of civil service examinations is not relevant here. In the case of *Cronin* v. *Civil Service Com.*, 71 Cal.App. 633 [236 P. 339], involving the discharge of the county jailer by the sheriff of Los Angeles County without a hearing before the civil service commission, the court said at page 643: "It may be that a hearing by the Commission, before a principal can discharge a deputy, is most desirable. In fact, it may be absolutely essential to the proper and adequate functioning of the system of civil service as applied to employees in the county offices. Yet, if the freeholders, elected by the voters of said county, failed to provide

for such a hearing, the courts are powerless to supply what they neglected to incorporate in the charter." Neither *La Prade* v. *Department of Water & Power,* 27 Cal.2d 47 [162 P.2d 13], nor *Steen* v. *Board of Civil Service Commissioners,* 26 Cal.2d 716 [160 P.2d 816], relied on by petitioner, is apposite. They dealt with section 112(a) of the Los Angeles city charter, which prohibits the removal or discharge of officers or employees except for cause. A hearing is required to determine whether there was "cause." The Steen case at page 725 points out that the Cronin case, *supra,* is one in which "the charter did not limit a discharge to instances where there was cause."

Nor has petitioner cited us to any case stating that a formal hearing is constitutionally required under these circumstances. ▮ On the contrary, it has been frequently stated by the courts that there is no constitutional right to public employment. (*Board of Education* v. *Swan,* 41 Cal.2d 546, 556 [261 P.2d 261]; *Boyd* v. *Pendegast,* 57 Cal.App. 504, 506 [207 P. 713].)

*Greene* v. *McElroy,* 360 U.S. 474 [79 S.Ct. 1400, 3 L.Ed.2d 1377], cited by petitioner, involved an unreasonable interference by a governmental agency with private employment and is not here applicable. *Caesar's Restaurant* v. *Industrial Acc. Com.,* 175 Cal.App.2d 850 [1 Cal.Rptr. 97] and *Brennan* v. *State Board of Medical Examiners,* 101 Cal.App.2d 193 [225 P.2d 11], both involved administrative agencies whose very purpose was to perform adjudicatory functions. Neither has any application here. *Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260 [246 P.2d 656], also cited by petitioner, merely held that an ex parte hearing was not adequate to deny a petition for a license. *Terry* v. *Civil Service Com.,* 108 Cal. App.2d 861 [240 P.2d 691], dealt with discrimination between applicants, and does not bear on the question whether a formal hearing is required. ▮ In the absence of a specific requirement as to how it is to proceed, the commission must be given broad discretion to choose its own procedures. ▮ "Courts should let administrative boards and officers work out their problems with as little judicial interference as possible. . . . Such boards are vested with a high discretion and its abuse must appear very clearly before the courts will interfere." (*Maxwell* v. *Civil Service Com.,* 169 Cal. 336, 339 [146 P. 869]; *Nelson* v. *Dean,* 27 Cal.2d 873, 881 [168 P.2d 16, 168 A.L.R. 467].)

Of course, the parties concede that relief may be had in

the courts from arbitrary or unreasonable action or abuse of discretion. ▓ The question before the trial court on motion for nonsuit was whether there was any substantial evidence to support a finding of abuse of discretion or arbitrary action. The burden of proof with respect to these matters was on petitioner. (See *MacLeod* v. *Long,* 110 Cal. App. 334, 339 [294 P. 54].) We must therefore examine the evidence before the trial court at the time the motion was made.

▓ Only two witnesses testified. Both merely authenticated the transcript of the April 3 hearing. The rest of the evidence consists of exhibits, including that transcript. The transcript itself contains the matters already set forth in this opinion. The material exhibits are the report mentioned above relating to the proctor's story of what happened at the examination and the general manager's report to the commissioners recommending disqualification of petitioner. Thus the trial court had before it all the relevant evidence—the information upon which the board based its decision. At most there was a conflict of fact. The proctor's assertions on the one hand, petitioner's denial on the other, his examination paper, and the certification of the other applicants as to what they did *not* see or hear form the composite upon which the board based its decision. Clearly this decision does not appear to be capricious or an abuse of discretion. On this point petitioner relies on *Damiani* v. *Albert,* 48 Cal.2d 15 [306 P.2d 780],[1] but he gains no support from that decision.

Petitioner's contention that the board had no jurisdiction is without merit. He cites *Campbell* v. *City of Los Angeles,* 47 Cal.App.2d 310 [117 P.2d 901], which held that the board had no jurisdiction to suspend an adopted rule in an individual case. It is of no assistance in the case at bar.

There is no merit whatever in petitioner's contention that the recommendation of the general manager was not before the board.

Since petitioner failed to present evidence at the trial indicating that the action of the board was capricious, arbitrary, or an abuse of discretion, the judgment below was correct.

▓ Petitioner's request for an order striking the test

---

[1]Petitioner purports to quote from the Supreme Court opinion in this case. Actually, the quotation is from the opinion of the District Court of Appeal which was set aside when the Supreme Court granted a hearing.

because of the manner in which it was conducted is moot since as a result of his own conduct he was properly disqualified.

The judgment is affirmed.

Ashburn, J., and McMurray, J. pro tem.,* concurred.

A petition for a rehearing was denied April 6, 1961, and appellant's petition for a hearing by the Supreme Court was denied May 10, 1961. Peters, J., and Dooling, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.