[Civ. No. 16387. Third Dist. Jan. 24, 1978.]

FAIR POLITICAL PRACTICES COMMISSION,
Plaintiff and Respondent, v.
STATE PERSONNEL BOARD et al., Defendants and Appellants.

## COUNSEL

Evelle J. Younger, Attorney General, Talmadge R. Jones, Edna Walz and M. Anthony Soares, Deputy Attorneys General, for Defendants and Appellants.

Daniel H. Lowenstein, Robert M. Stern, Kenneth H. Finney, Lee C. Rosenthal, Natalie E. West and Michael J. Baker for Plaintiff and Respondent.

## OPINION

**EVANS, J.**—The State Personnel Board (Board) appeals from a judgment granting a peremptory writ of mandate to plaintiff, Fair Political

**54**

Practices Commission (Commission), directing the Board to approve salary classifications for Commission employees as fixed by the Commission.

The essential facts are undisputed. The Political Reform Act of 1974, adopted by the initiative procedure, is reflected in Government Code section 81000 et seq. Among other things the act authorizes the establishment of the Commission whose primary responsibility is to carry out and implement the purposes of the act. (Gov. Code, § 83111.) The Commission was staffed by approximately 45 employees of whom 26 serve in nonclerical positions. The Commission attempted to fix salaries for some nonclerical employees without reference to Board-established classifications or salaries.

The State Controller refused to pay those employees whose salaries had not been approved by the Board, asserting as authority the provisions of California Administrative Code, title 2, section 660, subdivision (d).[1]

The Board contends that it alone has the power and obligation to establish the classification and salaries of the Commission's employees.

The parties in the trial court and here, by their original briefs, assert statutory authority for their respective positions. The Commission relies upon Government Code sections 83107 and 83109. Section 83107 provides, "The Commission shall appoint an executive director who shall act in accordance with Commission policies and regulations and with applicable law. The Commission shall appoint and discharge officers, counsel and employees, consistent with applicable civil service laws, and shall fix the compensation of employees and prescribe their duties." Section 83109 states, "For purposes of Section 18801 of the Government Code, no nonclerical position under the Commission shall be included in the same class in the civil service classification plan with any position of any other department or agency."

---

[1]California Administrative Code, title 2, section 660, subdivision (d), provides: "(d) Certification to the State Controller by any state agency in the manner provided in (a) or (b), and (c), above, of the employment of any person, shall constitute authorization to the Controller to make salary payment of not to exceed one month's salary to such person without approval of the employment by the State Personnel Board. Subsequent salary payments shall not be made by the Controller to any such employee unless and until the employment has been approved by the State Personnel Board."

The Board principally relied upon the provisions of the Civil Service Act contained in the Government Code and specifically section 18850 which provides, "The board shall establish and adjust salary ranges for each class of position in the state civil service. The salary range shall be based on the principle that like salaries shall be paid for comparable duties and responsibilities. In establishing or changing such ranges consideration shall be given to the prevailing rates for comparable service in other public employment and in private business. The board shall make no adjustments which require expenditures in excess of existing appropriations which may be used for salary increase purposes. The board may make a change in salary range retroactive to the date of application for such change."

■ Although the parties by their original briefs failed to consider the applicability of the provisions of California Constitution, article XXIV (now art. VII) to the dispute, which is founded upon apparently conflicting statutes, we afforded them additional time to address, by additional briefs, this constitutional question raised by the court. We have considered the briefs, and have concluded that the contentions of the parties founded on statutory conflicts must be viewed in a constitutional context.

The Board is responsible for the enforcement of the civil service statutes of California and is required to prescribe among other things employment classifications for all members of the state civil service. (Cal. Const., art. VII, § 3.)

By constitutional mandate, all state employees, unless specifically exempted by the Constitution of this state, are members of the civil service system. (Cal. Const., art. VII, § 1(a), formerly art. XXIV, § 4.) The process of appointment, classification, promotion, and the process of salary fixing, as well as the adjudicating power of the Board, is a power conferred by the Constitution and implemented by the Legislature through the State Civil Service Act. (Gov. Code, § 18500 et seq.) Government Code section 18850, a part of the Civil Service Act, is but one of many legislative enactments adopted to implement the constitutionally established civil service system. It carries out the constitutional mandate that the Board establish classifications and adopt other rules needed to carry out the purposes of the Civil Service Act. (See Cal. Const., art. VII, § 3.)

California Constitution, article VII, section 3(a), provides, "The board shall enforce the civil service statutes and, by majority vote of all its members, shall prescribe probationary periods and classifications, adopt other rules authorized by statute, and review disciplinary actions."

By reason of the mandatory language of section 3(a) that the Board shall enforce the civil service statutes, the Board has the exclusive power to administer and enforce those statutes.

 Viewing the provisions of Government Code sections 83107 and 83109 in this context, we do not hesitate to conclude that the Political Reform Act does not derogate the civil service powers of the Board. Rather, the provisions (Gov. Code, § 83107), dealing with the Commission's power to appoint employees and fix salaries, may only be construed as conferring the usual rights of an appointing power to hire persons within established classifications and to fix salaries for those positions within the salary ranges established by the Board for the particular classifications. (See *Ferdig* v. *State Personnel Bd.* (1969) 71 Cal.2d 96, 102, 105-106 [77 Cal.Rptr. 224, 453 P.2d 728].)

 Powers, obligations, and rights bestowed or declared by the Constitution may not be amended, modified, or derogated by statute, whether that statute is adopted by the Legislature or the initiative method. (See Cal. Const., art. II, §§ 8 and 10.) The Political Reform Act adopted by the initiative method was proposed as a new statutory enactment, not as an amendment to the Constitution. The power of the State Personnel Board to fix classifications carries with that power the obligation to fix uniform salaries for the classifications established. Such power is bestowed by the Constitution and implemented by the Civil Service Act. Such power may not be taken from the Board and vested with any appointing power by a legislative pronouncement; that may only be accompanied by an amendment to the Constitution approved by the people. The Constitution was intended to be applied to existing conditions and circumstances as they arise in the course of growth in the state and to meet the needs of the people who come within the sphere of influence covered by the Constitution. The meaning of its terms and provisions from time to time must be construed when necessary to meet the needs of those governed by it.

Article XXIV was presented as an initiative to the people in 1934 as a means of establishing a merit system of employment which would

eliminate the "spoils system." (Proposed Amendments to Constitution, Propositions and Proposed Laws, Cal. Secretary of State (1934) p. 12.) Former article XXIV, section 3 (now art. VII, § 3), of the California Constitution dealing with the administration and enforcement of the "merit system," by its terms vested the Board with the exclusive powers to fix the salaries of the members of the civil service system. Section 3(a) provided, "Said board shall administer and enforce, and *is vested with all of the powers, duties, purposes, functions, and jurisdiction which are now or hereafter may be vested in any other state officer or agency* under, Chapter 590 of the California Statutes of 1913 as amended or any and all other laws relating to the state civil service as said laws may now exist or may hereafter be enacted, amended or repealed by the Legislature." (Italics added.) That constitutional enactment placed in the Board "all powers, duties and functions" then existing or thereafter enacted, vested in any state office or agency to administer and enforce the "state civil service" laws. That constitutional pronouncement is straightforward and unambiguous, and compels but one conclusion that the people of the state, by initiative amendment to the Constitution, have prescribed a complete merit system of employment, including the power of appointment, administration, and enforcement together with all powers and functions relating to such employment. Those powers encompass salary fixing. (See *Boren v. State Personnel Board* (1951) 37 Cal.2d 634, 638 [234 Cal.Rptr. 981].)

Upon its adoption in 1934, article XXIV of the California Constitution directly reposed in the Personnel Board, as an independent, politically immune agency, the function of administering and enforcing chapter 590, Statutes of 1913, and *"any and all other laws* relating to the state civil service" presently existing or *as may be adopted in the future.* (Italics added.) The 1913 Act directed the then Civil Service Commission to classify all state positions and to grade all positions within each class with respect to salaries "to the end that like salaries shall be paid for like duties." (Stats. 1913, ch. 590, § 5.) Following the adoption of California Constitution, article XXIV, the 1937 Legislature adopted a civil service act directing the State Personnel Board to fix salary ranges "for each class of positions in the State civil service." (Stats. 1937, ch. 753, § 70.) In 1945, the last cited provision was codified as Government Code section 18850. All these laws were in the language of article XXIV "laws relating to the state civil service," and their administration was thus constitutionally delegated directly to the State Personnel Board. Present article VII

of the Constitution was not designed to diminish or subtract from the substantive powers delegated to the Board by former article XXIV.

The 1934 constitutional amendment manifests a purpose of centralizing civil service administration in the State Personnel Board as an agency immune from the external and internal pressures which beset the agencies which are the direct employers of state civil service employees. Any subsequent statutory enactment which attempts to take away a constitutionally reposed power from the State Personnel Board would constitute an erosion of the constitutional objective of centralizing civil service administration in a politically insulated agency.

The civil service system and its import, established by constitutional amendment, may not now or in the future be diluted or derogated by legislative enactment. Only by constitutional amendment may those powers be abrogated in any way. Regardless of motive, altruistic or otherwise, neither the Legislature nor judiciary may decree a dilution or removal of a power granted by the Constitution. The people of this state, speaking through article XXIV and its successor article VII of the California Constitution, have mandated a removal of salary fixing power from any state agency or officer, and have vested that power in the State Personnel Board.[2]

Following the adoption of article XXIV, the State Civil Service Act (Gov. Code, § 18500 et seq.) providing for a merit system of employment, including classification, appointment, promotion, discipline and salary fixing powers was adopted. Its adoption was an extension of power conferred by the Constitution. (See *People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 635 [268 P.2d 723].)

The Commission must accept classifications and salaries for its employees as they are established by the Board. The Commission is not free to invade the province of the State Personnel Board or to usurp any of those powers conferred upon the Board by California Constitution, article VII, formerly article XXIV.

[2]Although we are considering the issue framed in the context presented by the Fair Political Practices Commission, we are mindful of the provisions of the Collective Bargaining Law contained in Senate Bill No. 839 which deals in part with salary fixing powers. We do not by this opinion intend to express ourselves on the import of Senate Bill No. 839 upon the constitutional issue which we here discuss.

The judgment is reversed with directions that the trial court deny the writ.

Friedman, Acting P. J., and Reynoso, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 18, 1978. Bird, C.J., did not participate therein. Tobriner, J., and Newman, J., were of the opinion that the petition should be granted.